# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DEBRA HEVERLY CAMPBELL, | : | Case No. 3:16-cv-118 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : | [Blair County Court of Common Pleas |
|  | : | Case No. 2016-01137, consolidated |
| M&T BANK | : | with Case No. 2015-02423, proceeding in |
|  | : | Case No. 2015-02423] |
| Defendant. | : |  |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant M&T Bank hereby removes the above-entitled matter to this Court from the Court of Common Pleas of Blair County, Pennsylvania, where it is currently pending, at Case No. 2015-02423, based upon the following:

1.  Plaintiff Debra Heverly Campbell ("Plaintiff") commenced this action in the Court of Common Pleas of Blair County, Pennsylvania, by a Praecipe for Writ of Summons on August 10, 2015.

2.  Plaintiff failed to file a Complaint on the docket for this case. A true and correct copy of the Court's docket is attached hereto as **Exhibit A**.

3.  Thereafter, on April 11, 2016, Plaintiff filed a Complaint in the Court of Common Pleas of Blair County, Pennsylvania under Case No. 2016-01137 against Manufacturers and Traders Trust Company ("M&T Bank")[1]. A true and correct copy of the Complaint is attached hereto as **Exhibit B**.

---

[1] Plaintiff's first case was filed against Manufacturers and Traders Trust Company, while the second case was filed against M&T Bank. Defendant asserts that both names accurately depict the same entity. M&T Bank has been

4. The Sheriff's Returns filed in Case No. 2016-01337 reflect service efforts on April 27, 2016, and April 29, 2016.

5. On May 9, 2016, an Order was entered consolidating Case No. 2016-01137 with the instant case, Case No. 2015-02423, requiring all future filings in Case No. 2015-02423. A true and correct copy of the Docket for Case No. 2016-01137 is attached hereto as **Exhibit C.**

6. On May 23, 2016, M&T received a copy of a Notice of Praecipe to Enter Judgment by Default, which Plaintiff purports to have filed in the consolidated Case No. 2015-02423. A true and correct copy of the Notice is attached hereto as **Exhibit D**.

7. This Notice of Removal is timely-filed pursuant to 28 U.S.C. § 1446(b) because it is filed within (30) days of purported service of the Complaint upon Defendant.

8. To the undersigned's knowledge, no further pleadings have been filed and no further proceedings have occurred in the Blair County Court of Common Pleas litigation.

## FACTUAL ALLEGATIONS OF THE COMPLAINT

9. In Plaintiff's Complaint, she purports to set forth fifteen claims arising out of the foreclosure of her prior residence in Honolulu, Hawaii and the subsequent resale by M&T Bank. *See* Complaint, *generally*.

10. Plaintiff alleges apparent state law claims for Fraud; Breach of Fiduciary Duty; and Material Breach of Contract. Her apparent claims under federal law and statute are for False Claims Act; Bank Fraud; RICO Violation Involving Bank Fraud; Theft, Embezzlement or Misapplication By Bank Officer Or Employee; Fraud Concerning Bank Entries, Reports and Transactions; Wire Fraud Affecting A Financial Institution; Mail Fraud Affecting a Financial

---

authorized by the State of New York to use "M&T Bank" and "Manufacturers and Traders Trust Company" as its legal name. M&T Bank has captioned this matter with "M&T Bank" to match the Complaint filed by Plaintiff.

Institution; Fraud Concerning FDIC Transactions; Disclosure of Classified Information; Communication of Restricted Data; Obstruction of Justice; and Unfair or Deceptive Practices By State Charted Banks.

11. According to Plaintiff, Defendant violated these laws by, among other acts, allegedly selling the property for less than market value, collecting payments for three years after the loan was "written down" to zero, and for failure to disclose an alleged "kickback/quid pro quo agreement" M&T Bank had with the foreclosing party. *See* Compl. ¶¶ 71, 79, and 80.

## **REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1332, 1441 and 1446**

12. Removal of this action is proper under 28 U.S.C. § 1441(a), which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

13. M&T is removing this matter on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

14. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) exists in this case because it is between citizens of different states, and the amount in controversy exceeds $75,000.

15. There is diversity because the Plaintiff and the Defendant are citizens of different states:

    a. Plaintiff alleges that she is a resident of Texas with an address of 11844 Bandera Rd, #200, Helotes, TX 78023. *See* Compl. ¶ 98.

    b. M&T is a New York banking corporation and has its principal place of business in New York. Therefore, M&T is a citizen of New York for

diversity purposes. *See* 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). M&T is not a citizen of Texas. *See* 28 U.S.C. §§ 1332, 1441(b).

16. A Notice of Removal based on Diversity jurisdiction requires the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a)(1).

17. Here, the amount in controversy exceeds $75,000 because Plaintiff demands judgment be entered in her favor in the amount of $698,708.80. *See* Compl. ¶ 80.

18. Accordingly, had Plaintiff's Complaint been brought in the United States District Court in the first instance, a District Court would have had original jurisdiction over the subject matter under 28 U.S.C. § 1332. As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

19. Removal to the District Court for the Western District of Pennsylvania is proper under 28 U.S.C. § 1446 which provides "defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446.

20. The civil action is currently pending in Blair County Court of Common Pleas which is within the Western District of Pennsylvania. Accordingly, removal to the Western District of Pennsylvania is proper under 28 U.S.C. § 1446.

21. All papers, pleadings and orders served on defendant are attached and a notice of removal is being filed with the state court.

Case 3:16-cv-00118-KRG   Document 1   Filed 05/26/16   Page 5 of 6

22. Written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal, will be served promptly upon all Parties and filed with the Court of Common Pleas of Blair County, Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

23. No admission of fact, law or liability is intended by this Notice of Removal, and M&T Bank expressly preserves all of its defenses, denials and/or objections to Plaintiff's Complaint and each and every allegation thereof.

**WHEREFORE**, M&T Bank requests that the above-captioned action be removed from the Court of Common Pleas of Blair County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, and that all further proceedings in this action be held before this Court.

Respectfully submitted,

/s/ John E. Joseph
John E. Joseph (No. 88818)
Michele L. Zerr (No. 201655)
**REED SMITH LLP**
Global Customer Centre
20 Stanwix Street, Suite 1200
Pittsburgh, PA  15222
Telephone: +1 412.288.3330
Facsimile: +1 412.288.3063

*Attorneys for Defendant M&T Bank*

Dated:  May 26, 2016

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 26 day of May, 2016, I caused a true and correct copy of the foregoing Notice of Removal to be served via first class United States mail, postage prepaid upon the following:

        Debra Heverly Campbell
        11844 Bandera Rd., Suite #200
        Helotes, TX 78023

        Paul M. Puskar, Esq.
        310 Penn St.
        Hollidaysburg, PA 16648

        /s//John E. Joseph
        John E. Joseph