UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA (JOHNSTOWN)

|  |  |  |
|---|---|---|
| DEBRA HEVERLY CAMPBELL, | ) | No.: 3:16-cv-00118-KRG |
| | ) | |
| Plaintiff, | ) | Judge Kim R. Gibson |
| | ) | |
| v. | ) | Electronically Filed |
| | ) | |
| M&T BANK, | ) | |
| | ) | **MEMORANDUM IN SUPPORT** |
| Defendant. | ) | **OF MOTION TO DISMISS** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | **PURSUANT TO RULES 8(A),** |
| | ) | **12(B)(6) and 12(B)(7)** |
| | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO RULES 8(A), 12(B)(6) AND B(7)**

AND NOW, come the Defendant, M&T Bank ("M&T"), by and through its undersigned

counsel, and files the within Memorandum in Support of Motion to Dismiss pursuant to Federal

Rule of Civil Procedure 8(a), 12(b)(6) and (b)(7) and in support thereof state as follows:

## I.  INTRODUCTION

Thirteen years after Plaintiff Debra Heverly Campbell's ("Plaintiff") residence was

foreclosed by her housing cooperative due to her admitted default on her maintenance fees, she

filed the instant Complaint against M&T.  The 147-paragraph, 15-count tome offers a myriad of

allegations spanning a period of over 15 years. However, nothing in the time-hopping set of facts

Plaintiff offers gives rise to a viable claim against M&T.

Plaintiff asserts that M&T robbed her of her equity in the property.  She also proffers

theories that M&T colluded with a third party to dispossess her of the property.   The undisputed

reality is that M&T did not even foreclose the property.  The housing cooperative foreclosed the

property following Plaintiff's failure to pay maintenance fees.  What is also undisputed is that Plaintiff obtained a loan to finance the property and M&T had a valid and enforceable lien on the property to ensure against loss in the event of default.  To the extent M&T purchased the property relative to the foreclosure, it did so only to preserve its interest in the property and its ability to recoup the amount owed by Plaintiff.  Not intervening in the foreclosure could have resulted in a total loss of the collateral and M&T being unable to enforce its lien against the property.  Moreover, Plaintiff was not harmed by M&T's actions because the sale proceeds when M&T sold the property were used to help satisfy Plaintiff's debt.

Nonetheless, Plaintiff has sat on her rights for 13 years and has only now filed a complaint against M&T asserting her various theories for liability.  Astonishingly, Plaintiff brings this action against M&T for violation of the "Atomic Energy Act," "Peonage" and 13 other baseless claims. The Complaint fails because all of the conduct she alleges is now time-barred due to her failure to timely pursue her alleged claims.  Moreover, each of Plaintiff's claims are insufficiently pled.  In addition to being baseless, the Complaint fails because Plaintiff fails to join an indispensable party, the trust that was the borrower of the subject loan.  Therefore, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

## II. <u>FACTS</u>

### A.    <u>The Loan</u>

On or about April 14, 2000, Pohaku Funding and Investment Corporation, trustee of the 2895-201 Kalakaua Land Trust (the "Trust") obtained a loan from Keystone Financial Bank, N.A. ("Keystone") in the amount of $400,000.00 (the "Loan").   Compl., ¶¶ 1, 9; Exhibit A.[1] The note was executed by the trustee of the Trust, Pohaku Funding Investment Corp. as trustee

---

[1] Plaintiff's Complaint ("Compl.") was attached to M&T's Notice of Removal as Exhibit B and is filed on the docket as Document 1-3.

and was guaranteed by Plaintiff.   Compl., ¶ 1; Exhibit A.   Plaintiff asserts that she was a

beneficiary of the Trust.  Compl., ¶ 84. [2]   The purpose of the loan was to finance a real property

located at 2895 Kalakaua Avenue, #201, Honolulu, HI (the "Property") at Colony Surf

apartments ("Colony") in Honolulu, Hawaii on which M&T held a mortgage.  Compl., ¶ 9, *see*

*also* Compl., Ex. B2.  M&T Bank is successor by merger to Keystone.  Compl., ¶¶ 10, 13.

**B.**     **Colony Forecloses on the Property**

Plaintiff admits she defaulted on her monthly maintenance fees to Colony, despite

remaining current on the Loan with M&T.[3]  *Id*., ¶ 28.  As a result, Colony, and not M&T, issued

a default notice for three months of monthly maintenance fees plus legal fees.  *Id*., ¶ 29.   While

Plaintiff clearly was aware of her default, she contends neither she, nor the Trust, were served

with the default notice.  *Id*. Her default was not cured by the deadline to cure.  *Id*.  Colony

refused to accept monthly payments from Plaintiff without her paying all of the arrears and legal

fees.  *Id*., ¶ 36.

Colony continued to refuse Plaintiff's payment and proceeded with accelerated

foreclosure.   *Id*., ¶ 40.   Plaintiff admits she was served with the "accelerated action of

foreclosure."   *Id*., ¶ 26.   Plaintiff and/or the Trust were represented by Counsel during the

foreclosure.  *Id.*, ¶ 61; Exhibit D3.  On March 27, 2003, the Court granted Colony's request and

ordered that the Trust's Proprietary Sublease to the Property be cancelled.  *Id*., Exhibit D3.  The

Trust and "all persons claiming any interest in the leasehold property" were forever barred and

foreclosed of and from any and all right, title, and interest and claims at law or equity in and to

---

[2] Plaintiff fails to attach a copy of the Trust to her Complaint to verify her role as beneficiary
therein.
[3] Throughout Plaintiff's Complaint she continually refers to her actions, obligations, and rights
under various documents and agreements.  However, evident from the Loan, the Trust was the
borrower under the Loan, not Plaintiff.  To the extent she attests "Plaintiff was current," M&T
asserts it is inaccurate in that the Trust was the actual entity current on payments.  Without
waiving this key distinction, M&T will abide by this recitation of fact by Plaintiff in an attempt
to navigate the Court through the confounding Complaint.

said Property.  *Id.*, Exhibit D4.  Possession of the Property was awarded to Colony.  *Id.*

**C.      The Property is Transferred**

After Colony's foreclosure of the Property, Colony transferred the Property to M&T.  *Id.*, ¶ 64.  Colony and M&T allegedly agreed to terms for the disposition of potential sales funds resulting from any subsequent sale of the home. *See id.*, Exhibit C3.  On or about October 18, 2004, M&T resold the home to a third party and reimbursed Colony for its costs related to the foreclosure.  *Id.*, ¶ 71; Exhibit B; Exhibit E2.  Plaintiff asserts that she learned of the agreement between Colony and M&T two years after the sale.  *Id.*, ¶ 6.  Plaintiff claims that she first obtained a copy of the alleged settlement statement from the 2004 resale of the Property eight years later, in August 2012.  *Id.*, ¶ 3.

**D.      Plaintiff Files Two Actions Against M&T**

On August 10, 2015, almost 11 years after the sale of the Property, Plaintiff filed a Praecipe for Writ of Summons in the Blair County Court of Common Pleas under Case No. 2015-02423 against M&T Bank.[4]  Doc. #1 ("Notice of Removal"), Exhibit A.  Plaintiff never filed a complaint in the case.  On April 11, 2016, Plaintiff filed a new case under Case No. 2016-01137 and filed the instant Complaint against M&T Bank asserting 15 causes of action.  *Id.*, Exhibit C.   The actions were consolidated by the state court prior to removal to this Court.  *Id.* On May 26, 2016, M&T filed its Notice of Removal.

---

[4] Plaintiff's first case was filed against Manufacturers and Traders Trust Company, while the second case was filed against M&T Bank.  Defendant asserts that both names accurately depict the same entity. M&T Bank has been authorized by the State of New York to use "M&T Bank" and "Manufacturers and Traders Trust Company" as its legal name. M&T Bank has captioned this matter with "M&T Bank" to match the Complaint filed by Plaintiff.

### III. <u>EVIDENCE RELIED UPON</u>

This Motion to Dismiss relies upon the allegations in the Complaint and the undisputed recorded documents, of which the Court may take judicial notice.[5]

### IV. <u>STANDARD OF REVIEW</u>

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead enough facts to state a claim for relief that is "plausible" (as opposed to just "conceivable"). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[Federal Civil] Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 557)(internal citations omitted). To survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

Further, Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that the failure to join an indispensable party under Rule 19 is grounds for dismissal. *See* Fed. R. Civ. P. 12(b)(7).

---

[5] In addition to the Complaint, courts may take judicial notice of public record and other matters including court orders and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994).

Rule 19 of the Federal Rules of Civil Procedure ("Rule 19") "determines whether a non-joined party is indispensable and must be joined in the action." *Dickson v. Murphy*, 2006 WL 2847238, *2 (3d Cir. Oct. 6, 2006). "The first step of the analysis is to decide whether the non-joined party must be joined. If the Court determines that the non-joined party must be joined and that joinder is not feasible, the next step of the analysis is to determine whether the non-joined party is indispensable under Rule 19(b)." *Id.* "If the court determines that the non-joined party is indispensable, the suit must be dismissed." *Id.*

Applying these standards, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

## V. ARGUMENT

### A. The Complaint Suffers from Multiple Rule 12(b)(6) Deficiencies

Multiple causes of action in the Complaint fail to state a claim on which relief may be granted. In reviewing these issues, the Court applies the familiar Rule 12(b)(6) standard.

#### 1. Plaintiff's Fraud Claim is Time-Barred

Plaintiff's first claim for fraud is time-barred. In Pennsylvania, fraud claims are governed by a two-year statute of limitations. 42 Pa. Cons. Stat. Ann. § 5524(7).

Each of the alleged acts which Plaintiff complains of in her Complaint date back either to the foreclosure proceedings commenced in 2001 or, to the latest, her obtaining the alleged settlement statement in 2012.[6]  Compl., ¶¶ 70, 73-79. Regardless of the alleged act she bases her claim on, the matter is time barred as she did not file her Complaint until April 11, 2016. Plaintiff alleges no conduct of M&T on April 11, 2014 or later that could be actionable to fall

---

[6] Despite Plaintiff's nearly decade long crusade to obtain a copy of the settlement statement, M&T asserts that Plaintiff had no interest in the Property at the time, as all of her rights were extinguished as part of the foreclosure action. Compl., Exhibit D4.  As such, she was not a party to the sale and not entitled to the information.  Plaintiff fails to plead any fact that alters this realty.

within the two year limitations period. All of the conduct alleged is time-barred and beyond the two-year statute of limitations and must fail. The fraud clam must be dismissed.

2.    **The Statutes of Limitations were not Equitably Tolled**

Plaintiff alleges that any statutes of limitations applicable to her claims were tolled. Compl., ¶ 2.  However, she has failed to adequately plead the doctrine and the facts to support her contention.

Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed.  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994).  There are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.  *School District of City of Allentown v. Marshall*, 657 F.2d 16, 19-20 (3d Cir. 1981) (quoting *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109 (2d Cir. 1978)); *see also Miller v. Beneficial Management Corp.*, 977 F.2d 834, 845 (3d Cir. 1992) (citation omitted).

Here, Plaintiff simply states in conclusory fashion that tolling occurred due to "Defendants' continuing, knowing and active concealment of the facts" and "despite exercising reasonable diligence, Plaintiff could not have discovered, did not discover , and was prevented from discovering, the wrongdoing…"  Compl., ¶ 2.  However, this conclusion is contradicted by Plaintiff's own admissions.   In fact, Plaintiff alleges that she discovered the alleged "kickback/quid pro quo agreement almost two years after the loss of her home" (the "Agreement") (*id*., ¶ 6); alleges she obtained the escrow statement in 2012 (*id*., ¶ 3); she

obtained a "statement and lien release" in 2009 (*id.*, ¶ 8); she discovered in 2009 that M&T had "immediately written her loan with Keystone Bank down to $0" (*id.*, ¶ 12); and *on the day of her foreclosure trial* her "attorney friend" called the new M&T attorney who allegedly advised "your friend (Plaintiff) is being screwed" (*id.*, ¶ 42). (emphasis added).  Plaintiff's own admissions confirm that she suspected misconduct as far back as 2003 during her foreclosure trial and took no action to file a complaint until 2016.  She also failed to act to pursue her claims in 2006, 2009 or 2012 when she alleges she discovered further conduct and fails to allege any acts by M&T which prevented her from doing so. Compl, *generally*.

Plaintiff's one-paragraph assertion that the applicable statutes of limitations have been tolled fails to save her claims, and further, is directly contradicted by her own admissions that she was aware long ago of the alleged issues she now brings before the Court.  Nor is her failure to sufficiently plead the doctrine excused by her *pro se* status.  *See U.S. v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("a *pro se* litigant's misconception about the operation of the statute of limitations does not warrant equitable tolling of the limitation period"); *Burrell v. Ross*, 2013 WL 3097320, *3 (M.D. Pa., June 18, 2013), (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir 1997) ("a court need not credit a complaint's bald assertions or legal conclusions."); *see also Iqbal,* 129 S.Ct. at 50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  For all these reasons, none of Plaintiff's claims are saved by her conclusory tolling argument.

Because Plaintiff's fraud claim is time-barred and the doctrine of equitable tolling is inapplicable, the fraud claim should be dismissed in its entirety with prejudice.

**3**.    **Plaintiff's Claim for Breach of Fiduciary Duty is Time-Barred**

In Pennsylvania, the statute of limitations for a claim for breach of fiduciary duty is

governed by a two year statute of limitations. 42 Pa. Cons. Stat. Ann. § 5524; *Maillie v. Greater Del. Valley Health Care, Inc.*, 628 A.2d 528, 532 (Pa. Commw. Ct. 1993).

Here, as stated above, all of the alleged conduct of M&T occurred prior to April 11, 2014.  Compl., ¶¶ 82-92.  Plaintiff alleges no conduct of M&T that occurred after April 11, 2014 that could give rise to a viable claim for breach of fiduciary duty.  Compl., *generally*.   Further, as discussed above in Section V(A)(2), Plaintiff's claims are not saved by the doctrine of applicable tolling.  As a result, her second claim for breach of fiduciary duty is time barred by the two year statute of limitations.

### 4.    Plaintiff's Claim for Material Breach of Contract is Time-Barred

In Pennsylvania, the statute of limitations for breach of contract is four years. 42 Pa. Const. Stat. § 5525(a).  Plaintiff's claim is based upon the Agreement and improper notices provided as part of the foreclosure.  Compl., ¶¶ 94-96.  As discussed above, the foreclosure judgment was entered in 2003 and the property was sold in 2004.  Compl., Exhibit D; Exhibit B3.  Plaintiff admits she discovered the Agreement "almost two years after the loss of her home."  *Id.*, ¶ 6.  Thus, by her own admission, the latest the discovery of the Agreement could have occurred was in October 2006, over nine years prior to the filing of the Complaint on April 11, 2016.  Since Plaintiff has failed to allege any conduct of M&T that occurred after April 11, 2012, her claim is barred by the four year statute of limitations.  Further, as discussed above in Section V(A)(2), the claim is not saved by the doctrine of equitable tolling.

### 5.    Plaintiff's Claim Under the False Claims Act  Fails as a Matter of Law

Plaintiff's Fourth Claim for violation of the False Claims Act ("FCA") rehashes her generalized allegations of misconduct and does not present a viable claim for relief.

The FCA provides that a private individual, known as a relator, "may bring a civil action

for a violation of section 3729 for the person and for the United States Government... in the name

of the Government." 31 U.S.C. § 3730(b)(1).[7]   "To bring a claim under the False Claims Act, it

must be filed under seal on behalf of the United States and not served on the defendant until

ordered by the court." 31 U.S.C. § 3730(b)(2). Further, it is well settled that "a relator in a *qui*

*tam* action may not proceed *pro se*." *See United States ex rel. Banks v. Aramark Corr. Services*,

2008 WL 3833459, *4 (W.D. Pa. Aug. 15, 2008); *United States ex rel. Fisher v. Network*

*Software Assocs.*, 377 F. Supp. 2d 195, 196 (D.D.C. 2005); *Rockefeller v. Westinghouse Elec.*

*Co.*, 274 F. Supp. 2d 10, 12 (D.D.C. 2003).

Plaintiff's claims under the FCA suffer from fatal procedural defects. First, she failed to

file her Complaint under seal and serve the Government. There is no entry on the docket that

Plaintiff served the complaint under seal or on the government in violation of  31 U.S.C. §

3730(b). Doc. #1, Exhibit C. Second, and more importantly, Plaintiff filed her Complaint *pro*

*se*. Plaintiff proceeding *pro se* is not a licensed attorney, and is not qualified to represent the

interests of the United States. *See United States ex rel. Banks v. Aramark Corr. Services*, 2008

WL 3833459, *4 (W.D. Pa. Aug. 15, 2008). Plaintiff's failure to comply with the FCA service

and filing requirements justify dismissal of the claim. *See Erickson ex rel. United States v. Am.*

*Instit. of Biological Sciences*, 716 F. Supp. 908, 911-12 (E.D. Va. 1989).

### 6.   Plaintiff's Claims Brought Under Criminal Statutes All Fail Because There Is No Private Right of Action

Plaintiff asserts multiple claims based on criminal statutes. However, these claims all fail

because the criminal statutes do not afford a private right of action. Specifically, Plaintiff's

Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Fifteenth Claims all fail as set forth herein

for lack of a private right of action.

---

[7] Plaintiff asserts her claim under 3731(b). M&T asserts the section she relies is the applicable
statute of limitations for the act and M&T addresses the claim under both 3730 and 3731.

a) 18 U.S.C. § 1344 is a criminal statute for bank fraud and provides no private right of action. *Holmes v. MBNA America Bank, N.A.*, 2007 U.S. Dist. LEXIS, 2007 U.S. Dist. LEXIS 22601, at *1 (W.D.N.C. 2007);

b) 18 U.S.C. § 656. Federal courts have determined § 656 is a federal criminal statutes that does not create a private right of action. *See Lowe v. ViewPoint Bank*, 972 F.Supp.2d 947, 954 (N.D. Tex. 2013) (finding no private right of action under § 656) (citing *United States ex rel. Nagy v. Patton*, Misc. Action No. 11-267, 2012 WL 1858983, at *2 (E.D. Pa. May 22, 2012));

c) 18 U.S.C. § 1005 does not provide a private right of action. *See Lowe,* 972 F. Supp. 2d at 954-55 (citing *Connell v. Regions Bank*, No. 507CV77/MCR/EMT, 2007 WL 1877677, at *2 (N.D. Fla. June 27, 2007), rec. adopted, 2007 WL 2214860 (N.D. Fla., Aug. 1, 2007)(holding that § 1005 does not create a private right of action);

d) 18 U.S.C. § 1343 does not provide for a private cause of action. *See Patel v. Smith*, No. 10-4165, 2011 WL 2746080, at *4 (E.D. Pa. July 12, 2011) ("District courts in this circuit have not recognized an implied private right of action for violations of 18 U.S.C. § 1343... and neither have the other circuits that have confronted the issue.");

e) 18 U.S.C. § 1341 does not provide a provide right of action. *See Jones v. TD Bank*, 468 Fed. App'x. 93, 94 (3d Cir. 2012)(citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir.1999));

f) 18 U.S.C. § 1007 is a criminal statute and does not provide a private right of action in the statute. *See Park Nat'l. Bank of Houston v. Kaminetzky*, 976 F. Supp. 571, 576 and n. 9 (S.D. Tex. 1996)(referring to dismissal of prior case "alleging causes of action for various banking and criminal statutes, none of which give rise to any private causes of action," including

18 U.S.C. § 1007);

g) 15 USC § 45 provides that enforcement of the act is to be accomplished by the

Federal Trade Commission.  "The Commission is hereby empowered and directed to prevent

persons, partnerships, or corporations… from using unfair methods of competition in or affecting

commerce and unfair or deceptive acts or practices in or affecting commerce." 15 USC §

45(a)(2).  There is no provision for enforcement via private right of action.

As set forth above, no private right of action exists for Plaintiff's Fifth, Seventh, Eighth,

Ninth, Tenth, Eleventh, and Fifteenth Claims. Thus, the claims should be dismissed without

leave to amend as amendment would be futile.

### 7. Plaintiff's Claim for RICO Violation Involving Bank Fraud Is Insufficiently Pled and Time-Barred

Plaintiff's RICO claim asserts that M&T's conduct violates 18 U.S.C. § 1963 involving

bank fraud.  However, § 1963 provides for criminal penalties for violations of § 1962, and M&T

asserts no cause of action is found therein to support the alleged claim.  Thus, Plaintiff fails to

state a claim.  To the extent the Court will consider the claim under § 1962, Plaintiff's claim is

also inadequate on at least two grounds.  First, the factual allegations are time-barred.  Second,

Plaintiff fails to plead, beyond the conclusory level, an actual "meeting of the minds" with the

object of committing RICO violations.

The Supreme Court has held that RICO claims are subject to the four year statute of

limitations applicable to civil enforcement actions under the Clayton Act, 15 U.S.C. § 15b.

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc*., 483 U.S. 143, 152-56, 107 S.Ct. 2759, 97

L.Ed.2d 121 (1987).  Further, "in order to plead a violation of RICO, plaintiffs must allege (1)

conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of

America*, 361 F.3d 217, 223 (3d Cir. 2004)(abrogation on other grounds recognized by *In re*

*Insurance Brokerage Antitrust Litigation*, 618 F.3d 300, 323 n. 22 (3d Cir. 2010)).   "With respect to civil RICO claims involving allegations of fraud, the level of pleading specificity required in a complaint is clear."  *Hill v. Carpenter*, 2011 U.S. Dist. LEXIS 156077 (M.D. Pa. Aug. 3, 2011), adopted by 2012 U.S. Dist. LEXIS 123510 (M.D. Pa., Aug. 20, 2012); *see also Clugston v. McGinnis*, 2011 LEXIS 66135, at *23 (M.D. Pa. May 10, 2011); *see* 5 Wright & Miller § 1297 at 162-169 n. 22 (listing cases).   The allegations of fraud must comply with Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud be pled with specificity." *Lum*, 361 F.3d at 223. "*Bare allegations of conspiracy described in general terms may be dismissed*."  *Smith v. Jones, Gregg, Creehan & Gerace, LLP*, 2008 WL 5129916, at *7 (W.D. Pa. 2008)(emphasis added).

Initially, the Court can dispose of the allegations offered in support of the claim that occurred before April 11, 2012, all of which fall outside the limitations period based on the Complaint filing date of April 11, 2016.   Thus, the allegations regarding Plaintiff's discovery of the Agreement occurring no later than 2006 and payment to Colony in 2004 cannot support the claim and should be disregarded by the Court.  Compl., ¶¶ 6, 115, 116; Exhibit B.

The lone allegation which could possibly not be time-barred asserts that M&T colluded with the NY Reserve.  *Id.*, ¶ 117. However, at no point in any of the 147 paragraphs of allegations in the Complaint does Plaintiff plead *facts* that indicate M&T acted pursuant to an agreement with the NY Reserve.  Compl., *generally*.  She does not state when it occurred, what the agreement was, or how the alleged parties benefited.  When one strips away Plaintiff's bare assertion of agreement or collusion, the claim does not (and cannot) satisfy *Twombly*.   Under Rule 9(b), this absence of particularity vis-à-vis any illicit agreement requires dismissal.

Plaintiff has failed to state a claim for a RICO violation under 18 U.S.C. § 1963.

**8.      Plaintiff's Claim for Disclosure of Classified Information Fails**

Criminal statute 50 U.S.C. ¶ 783 governs the communication of classified information by a Government officer or employee.  50 U.S.C. ¶ 783. The statute provides for penalties for violation "upon conviction." 50 U.S.C. ¶ 783(c).  As with several other claims asserted by Plaintiff under criminal statutes, this claim fails because the statute does not provide for a civil cause of action.  *See* 50 U.S.C. ¶ 783.  It further fails because it is nonsensical in application. Nothing in Plaintiff's allegations suggest that either Plaintiff or M&T was in possession of classified information or that issues of national security are contemplated by what is essentially a dispute over a residential mortgage loan.  Indeed, Plaintiff makes no allegation that either she or M&T is a government employee, or agent in any capacity, which either disclosed or received classified information to fall within the scope of the statute.  Compl., *generally*.  Plaintiff states only that "Communication between NY Reserve banking supervisor Muriel Payne and M&T Bank concerning Plaintiff's complaint to the Federal Reserve."  *Id*., ¶ 132.  Accordingly, Plaintiff fails to provide sufficient detail as to the what, when, where, or how the alleged communication occurred.  Because Plaintiff fails to state a plausible claim under 50 U.S.C. ¶ 783, her twelfth claim should be dismissed.

**9**.      **Plaintiff's Claim for Communication of Restricted Data (42 U.S.C. ¶2274) Fails**

Plaintiff's thirteenth claim appears to arise under the Atomic Energy Act.  *See* 42 U.S.C. §2011 et seq.  The Act prohibits a person from communicating, transmitting, or disclosing Restricted Data, or conspiring to or attempt to so, with the intent to injure the United States.  *See* 42 U.S.C. ¶2274.  However, Plaintiff's Complaint arises from the Loan and foreclosure of her property.  Compl., *generally*. Nothing in her complaint alleges any information is "Restricted Data" as defined under the Atomic Energy Act.  The only allegation in the claim itself is

regarding communication between M&T and the NY Reserve banking supervisor regarding Plaintiff's complaint to the Federal Reserve.  *Id.*, ¶ 136.  Plaintiff fails to explain how any such alleged discussion violated the Atomic Energy Act, nor could she.  Accordingly, the Complaint does not present a viable claim under 42 U.S.C. ¶2274, and dismissal is appropriate.

### 10.     Plaintiff's Claim for Obstruction of Justice Fails

Plaintiff asserts a claim under 8 U.S.C. § 1581.  Counsel for M&T was unable to locate a statute cite as alleged under Title 8 and asserts no claim lies under the authority as alleged.  To the extent that Plaintiff's claim includes an error, and the Court views it as a claim under 18 U.S.C. § 1581, the claim still fails as a matter law.  18 U.S.C. § 1581 provides for penalties for Peonage, under Chapter 77 "Peonage, Slavery, and Trafficking in Person."  18 U.S.C. § 1581.  Plaintiff's Complaint simply does not contain any allegation remotely associated with such activity and does not state a valid claim under the statute.  Compl, *generally*.  The lone allegation in the claim itself is regarding a settlement statement.  *Id.*, ¶ 136.  M&T asserts the claim must be dismissed for failure to state a viable claim under 18 U.S.C. § 1581.

### B.     The Court Lacks Jurisdiction to Hear Plaintiff's Foreclosure-Related Claims

The *Rooker-Feldman* doctrine compels federal district courts to decline invitations to conduct what amounts to appellate review of state court decisions.  As described by the Third Circuit:

> The doctrine is derived from 28 U.S.C. § 1257 which states that: [f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court.  Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions.

*Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d Cir. 2008) (internal quotations and citations omitted).  Thus, the *Rooker-Feldman* doctrine "bars federal courts from providing relief that

invalidates a state court foreclosure decision." *Conte v. Mortgage Elec. Regis. Sys.*, 2015 BL 86123, at *2 (E.D. Pa. 2015) (internal citations omitted). *Rooker-Feldman* bars a litigant's federal claims and divests the district court of subject matter jurisdiction over those claims. *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005).

Plaintiff seeks this Court to review and overturn the findings of a state court foreclosure action. For example, she asserts throughout her Complaint that M&T: never produced the note (¶ 73); failed to notify her of the default notice (¶ 82); failed to respond to the default notice (¶ 83); no substitute trustee appeared in the public record (¶ 94); and alleges M&T's unlawful conversion of equity in violation of state court judge's Order. Compl., ¶119.

In addition to being baseless, Plaintiff's request to find the "foreclosure sale void" is improper for this Court. *Id*., ¶ 92. A finding in favor of Plaintiff would lead this Court to negate the order on Colony's Motion for Summary Judgment. Plaintiff may not ask this court to invalidate the state court foreclosure decision. Each of her claims and allegations that seek to overturn the foreclosure are not properly before this Court and must be dismissed.

C. **Plaintiff's Attempts to Re-litigate the Foreclosure Are Barred by the Doctrine of Res Judicata and Collateral Estoppel**

Portions of Plaintiff's claims are barred by the doctrine of *res judicata* and collateral estoppel. The doctrines of *res judicata* and collateral estoppel (claim preclusion and issue preclusion, respectively) bar an action when the foundation upon which the claims rest has already been litigated. *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187 (3d Cir. 1994). Claim preclusion "gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding. Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving: (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Board of Trustees of*

*Trucking Employees Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992) (citations omitted).  If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded. *Id.*; *see also Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991).

All three *Centra* factors are present here.  Plaintiff alleges actionable conduct by M&T relating to the foreclosure of her home.  As detailed in Section V(C) above, Plaintiff seeks review of issues relating to the foreclosure.  However, all of these claims have already been addressed in the Foreclosure or should have been by Plaintiff.  Therefore, the validity of Colony's and M&T's actions in regards to the foreclosure was already adjudicated by the state court.  *Id.*, Exhibit D.  Plaintiff's effort to challenge M&T's actions or rights to the Loan is not permitted by law.

Additionally, the doctrine of collateral estoppel prevents this Court from revisiting the validity of the Note and foreclosure through this lawsuit.  Collateral estoppel applies when: "1) the issue sought to be precluded is the same as that involved in the prior action; 2) that issue was actually litigated; 3) it was determined by a final and valid judgment; and 4) the determination was essential to the prior judgment."  *Kliesch v. Select Portfolio Servicing, Inc.*, 2012 BL 163013 (E.D. Pa. 2012) (internal citations omitted).  As set forth above, the state court already heard the foreclosure case and entered judgment in favor of Colony.  Compl, Exhibit D.  *See Wallace's Estate*, 174 A. 397, 399 (Pa. 1934) ("When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, until reversed, is, forever and under all circumstances, final and conclusive as between the parties to the suit").

Based on the forgoing, Plaintiff's claims fail to the extent she seeks to re-litigate the validity of the foreclosure filed in 2001.

**D.**     <u>**The Complaint Fails To Satisfy The Pleading Requirements Of Fed. R. Civ. P. 8**</u>

In addition to failing to state a claim against M&T, the Complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8.   Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief[.]"   This pleading rule exists to ensure that the plaintiff's complaint "give[s] the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  M&T cannot file "meaningful replies" to Plaintiff's Complaint because it does not clearly state what, if anything, M&T was alleged to have done wrong or under what theory of recovery she bases all fifteen claims.  *See U.S. ex rel. Dattola v. Nat'l Treasury Emps. Union*, 86 F.R.D. 496, 499 (W.D. Pa. 1980) (dismissing *pro se* complaint for failing to comply with Rule 8(a)). The Complaint, therefore, should be dismissed under Rule 8.

**E.**  <u>**Plaintiff's Failure to Join an Indispensable Party Under Rule 19 Warrants Dismissal of the Complaint**</u>

Assuming arguendo that the Court finds that Plaintiff may have stated a claim in her Complaint, which M&T denies, each of Plaintiff's claims must then be dismissed for failure to join an indispensable party.   The alleged claims are based upon a Loan for which Plaintiff is not the borrower. The borrower is indisputably the Trust.   Compl., Exhibit A.  Plaintiff served as a guarantor on the Loan only.  *Id*.  Plaintiff's failure to name the Trust as a party to this action warrants dismissal of the case.

**1.**     <u>**The Trust is a Necessary Party Pursuant to Rule 19(a)**</u>

Rule 19 requires joinder if that person claims an interest to the subject of action and disposing of the action in the person's interest may leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1); *Janney Montgomery Scott, Inc. v. Shepard Niks, Inc.*, 11 F.3d 399, 404

(3d Cir. 1993).

At the very least, if Plaintiff holds any viable claims, the Trust as the actual borrower on the Loan may asert similar claims against M&T.  Any obligations owed on the Loan were owed to the Trust.  Proceeding without the Trust leaves M&T subject to substantial risk of multiple or inconsistent claims later from the Trust or its beneficiaries. Plaintiff has alleged no fact indicating that joinder of the Trust is infeasible.  Compl., *generally*.  Thus, joinder of the Trust should be required to avoid possible inconsistent claims and/or awards against M&T.

### 2.        The Trust is an Indispensable Party Pursuant to Rule 19(b).

After determining that joinder is necessary under Rule 19(a) and that joinder is not feasible, the court must next determine under Rule 19(b) whether "in equity and good conscience" it should proceed without the necessary party. *Dickson v. Murphy*, 2006 WL 2847238, *2 (3d Cir. Oct. 6, 2006).   The factors pertinent to this determination are as follows: (1) to what extent a judgment rendered in the party's absence might be prejudicial to the party or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the party's absence will be adequate; and (4) whether plaintiff will have an adequate remedy if the action is dismissed for non-joinder.  *Id*. (referring to Fed. R. Civ. P. 19(b)).

"The first factor favors dismissal because the analysis under this factor 'overlaps considerably with the Rule 19(a) analysis.'"  *Id*. at *4.  As stated above, M&T would be subject to substantial risk of multiple or inconsistent claims later from the Trust if not joined to this suit. The second factor under Rule 19(b)—the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided—

also favors dismissal here.  Plaintiff is seeking damages and declaratory relief under the contract to which the Trust is a party.  There is no way to shape relief that would avoid possible prejudice to the Trust or the risk to M&T of inconsistent obligations to Plaintiff and/or the Trust.

For the same reasons, the third factor, whether a judgment will be adequate, also weighs in favor of dismissal.  "The United States Supreme Court has interpreted this factor to be a determination of the interest of the public in having a dispute completely, consistently and efficiently resolved."  *Id.* (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968)).  A determination of the breach of a contract is inherently incomplete if all of the parties to that contract are not before the Court.

Lastly, the fourth factor of whether an adequate remedy exists for the Plaintiff if this action would be dismissed is answered in the affirmative.  If this action is dismissed, and to the extent Plaintiff has any viable claims, the Plaintiff can simply file suit in any district in which the Trust and M&T are amenable to suit.  This Court should not adjudicate the validity of claims in part arising from the contract without having all parties to the contract before the court.

For all the foregoing reasons, the Court should find the Trust an indispensable party and Plaintiff's failure to joining the Trust alone warrants dismissal of Complaint.

## VI.  <u>CONCLUSION</u>

All of Plaintiff's claims fail because they are barred by the applicable statute of limitations, are improperly grounded in criminal statutes that do not offer Plaintiff a private right of action, are barred by the application of *Rooker-Feldman* and collateral estoppel or simply fail to state a claim.  Further, Plaintiff's Complaint should also be dismissed because she has failed to join an indispensable party.  For these reasons, M&T respectfully requests that Plaintiff's Complaint be dismissed in its entirety with prejudice.

DATED this the 2nd day of June, 2016.

REED SMITH LLP

*/s/ John E. Joseph*
John E. Joseph  (SBN 88818)
Michele L. Zerr (SBN 201655)
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222-2716
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

*Counsel for Defendant M&T Bank*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing *Defendant M&T Bank's Memorandum in Support of Motion to Dismiss* was filed and served on all parties via this Court's Electronic Filing System this 2nd day of June 2016.  A true and accurate copy of the foregoing was also served via ordinary mail upon the following:


Debra Heverly Campbell
11844 Bandera Rd., Suite #200
Helotes, TX 78023

Paul M. Puskar, Esq.
310 Penn St.
Hollidaysburg, PA 16648


REED SMITH LLP

By: */s/ John E. Joseph*
*Counsel for M&T Bank*