UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA (JOHNSTOWN)

| | |
|---|---|
| DEBRA HEVERLY CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>M&T BANK,<br><br>    Defendant. | No.: 3:16-cv-00118-KRG<br><br>Judge Kim R. Gibson<br><br>Electronically Filed<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS SPRIEGEL, BONILLA AND SARAC-FLIHAN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(5) AND 12(B)(6)** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS SPRIEGEL, BONILLA AND SARAC-FLIHAN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(5) AND 12(B)(6)**

AND NOW, come the Defendants, David Spriegel, Geralyn Bonilla and Peri Sarac-Flihan ("Spriegel," "Bonilla," and "Sarac-Flihan," respectively, and collectively "Defendants"), by and through their undersigned counsel, and file the within Memorandum in Support of Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6) and in support thereof state as follows:

### I.  INTRODUCTION

In 2001 Plaintiff Debra Heverly Campbell ("Plaintiff") stopped making payments towards her housing cooperative's assessments, resulting in the termination of her sublease and the loss of her apartment. The apartment was sold and over a decade later, Plaintiff filed the instant lawsuit against her then-lender and loan servicer, M&T Bank, complaining that it was complicit in causing Plaintiff to lose her apartment and the equity she possessed in the apartment. Plaintiff's original Complaint contained 15 poorly pled causes of action, all of which were time-

barred, failed to state a claim, or grounded upon statutes that did not provide Plaintiff a private right of action.  This Court dismissed the Complaint, but gave Plaintiff leave to amend one claim, for purported RICO violations by M&T Bank.

In her Amended Complaint, Plaintiff offers more theories, accusations, suspicions, assumptions and hunches, but still falls short of the Court's instruction to aver *facts* that would support a timely claim under RICO.  Moreover, in a desperate attempt to breathe vitality into her moribund claim, Plaintiff has added numerous individuals as defendants to her suit, amongst them, Spriegel, Bonilla, and Sarac-Flihan (collectively, "Defendants").

Although Plaintiff offers theories, conjecture and rhetorical questions aplenty, she is woefully short on facts.  The undisputed reality is that these Defendants did nothing that would justify Plaintiff's baseless and outlandish allegations.  As explained in M&T Bank's pending motion to dismiss, which Defendants join and incorporate by reference here, when Plaintiff failed to pay the assessments, the housing cooperative terminated the sublease, eliminating any interest Plaintiff may have possessed in the Property.  This termination was effected by a court of law and Plaintiff's interests were represented by Counsel therein.  The termination of the sublease and ultimate sale of the Property was done, not because of collusion between the housing cooperative and M&T Bank (M&T was a *defendant* in the matter), but because Plaintiff admittedly did not pay her assessments when due.  The mere fact that M&T Bank reached an agreement with the housing cooperative and later participated in the re-sale of the Property in order to recoup the debt owed to M&T, and that the instant Defendants were, at one time, employees of M&T Bank, cannot support Plaintiff's fractured and confused claim.  Plaintiff's empty hunches simply do not offer a plausible basis for the Court to allow the RICO claim to continue.  Plaintiff's claim fails for the additional reason that Plaintiff cannot justify the fact that

she waited for 13 years before attempting to assert the theories of liability outlined in the Amended Complaint. RICO claims have a four-year statute of limitations that has long since passed here.

Even if Plaintiff could overcome the untimeliness of her claims and their implausibility as applied to Defendants, Plaintiff's Amended Complaint should still be dismissed as to Defendants because the Defendants have not been served with summons and this Court lacks personal jurisdiction over the Defendants, who do not have minimum contacts with the Commonwealth of Pennsylvania.

For all these reasons and as discussed below, Spriegel, Bonilla, and Sarac-Flihan respectfully request that Plaintiff's Amended Complaint be dismissed in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5) and 12(b)(6).

## II.    FACTS

Co-defendant M&T Bank, through undersigned counsel, has moved to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 9). Because M&T Bank has set forth the salient facts in its Memorandum in support of its Motion to Dismiss, and in order to prevent needless repetition, the instant Defendants will adopt and incorporate that recitation as if fully restated herein.

## III.    EVIDENCE RELIED UPON

This Motion to Dismiss relies upon the allegations in the Amended Complaint, the undisputed recorded documents, of which the Court may take judicial notice,[1] other papers filed and docketed in this matter, and a Declaration from each of the three instant Defendants.

---

[1] In addition to the Amended Complaint, courts may take judicial notice of public record and other matters including court orders and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994).

## IV. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that an action may be dismissed for lack of personal jurisdiction, insufficient process, or failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(2), 12(b)(5) and 12(b)(6).

### A. Fed. R. Civ. P. 12(b)(2)

In regard to Fed. R. Civ. P. 12(b)(2), it is axiomatic that, in order for a court to adjudicate a dispute, it must have personal jurisdiction over the litigants. A court cannot render a judgment on a claim without personal jurisdiction over the defendant. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). In ruling on a motion to dismiss under Rule 12(b)(2), the court is required, as with Rule 12(b)(6) motions, to accept as true all allegations contained in the complaint and view all factual disputes in plaintiff's favor. *Id.* However, the scope of the Court's review on a Rule 12(b)(2) motion is not limited to the face of the complaint, but may include affidavits and other competent evidence submitted by the parties. *Patterson v. FBI*, 893 F.2d 595, 603-604 (3d Cir. 1990). The plaintiff, ultimately, bears the burden of proving, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction over the defendants. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

### B. Fed. R. Civ. P. 12(b)(5)

In the same vein, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Pursuant to Rule 12(b)(5), the court may dismiss a case for "insufficiency of service of process." Fed.R.Civ. P. 12(b)(5). "The party

asserting the validity of service bears the burden of proof on that issue." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). That party must do so by a preponderance of the evidence using affidavits, depositions, and oral testimony. *State Farm Mut. Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg*, 543 F.Supp.2d 424, 428 (E.D. Pa. 2008).

C.     **Fed. R. Civ. P. 12(b)(6)**

Finally, a complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead enough facts to state a claim for relief that is "plausible" (as opposed to just "conceivable"). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[Federal Civil] Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 557)(internal citations omitted). To survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

Applying these standards, Plaintiff's Amended Complaint should be dismissed as it pertains to the instant Defendants.

V.     **ARGUMENT**

A.     **Joinder of M&T Bank's Motion to Dismiss**

In Count One of her Amended Complaint, Plaintiff alleges that the instant Defendants colluded with co-defendants in a racketeering enterprise in order to strip Plaintiff of her equity in the Property.  *See generally* Am. Compl.  In her second claim, Plaintiff improperly reinserts accusations that Spriegel, and possibly Bonilla and Sarac-Flihan, *inter alios*, committed bank fraud in violation of 18 U.S.C. § 344.  In support of her third claim for "Interference by Muriel Payne of the New York Federal Reserve," Plaintiff again relies on assumption and accuses Muriel Payne of "blocking" a response to Plaintiff's purported FOIA request and "feeding" information to M&T Bank regarding Plaintiff's FOIA requests.  Am. Compl., ¶¶ 83-84.

Co-defendant M&T Bank, through undersigned counsel, has moved to dismiss Plaintiff's Amended Complaint, including claims one through three, pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 9).  Inasmuch as M&T Bank's arguments are equally applicable to the instant Defendants, Spriegel, Bonilla and Sarac-Flihan join M&T Bank's Motion to Dismiss and adopt and incorporate each of those arguments as if fully restated herein.

**B.     Plaintiff's Claims Against Spriegel, Bonilla, and Sarac-Flihan Fail for Lack of Personal Jurisdiction**

An action is properly dismissed under Rules 12(b)(2)… and (5) for a defect in process or service of process.  *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (3d Cir. 1996)).

Pennsylvania's long-arm statute authorizes "jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment."  *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).  "[I]t is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting business within the forum State, thus invoking the benefits and protections of its laws."  *Id*.  The plaintiff carries the burden of establishing "with reasonable particularity sufficient contacts between the defendant and the forum state" to satisfy specific or general

6

jurisdiction. *Id*. at 1223.

Here, Plaintiff has not and cannot meet her burden. A plain reading of the Amended Complaint reveals that she has never alleged any contacts whatsoever between these Defendants and Pennsylvania, much less contacts sufficient to warrant the imposition of personal jurisdiction. Plaintiff has not made the necessary allegations, and cannot, because there are no such contacts between any of the Defendants and Pennsylvania. Plaintiff's mention of each Defendant in her Amended Complaint are, at best, in passing and contain no allegation or evidence which could support an argument that the requirements for personal jurisdiction are satisfied. Conclusory allegations, even if found in the Amended Complaint, are insufficient to subject these Defendants to jurisdiction here. *See Zecco v. Solaris Hotel & Resorts, Inc.*, 820 F. Supp. 962, 963 (E.D. Pa. 1993) ("The mere fact that plaintiff's complaint contains conclusory allegations in support of personal jurisdiction is not sufficient to defeat defendant's [12(b)(2)] motion," *citing Time Share Vacation Club v. Atl. Resorts, Ltd.,* 735 F.2d 61, 66, n.9 (3d Cir.1984)).

Furthermore, Defendants have each submitted affidavits declaring they have no contacts with this forum, declarations that remain unrebutted. Spriegel lives and works in New York, and has never had any personal or business dealings of any kind in Pennsylvania apart from occasionally driving through it on his way to other destinations or a family vacation. Exhibit 1, Spriegel Decl. Bonilla lives and works in New York, and has never visited Pennsylvania or had any personal or business dealings of any kind in Pennsylvania. Exhibit 2, Bonilla Decl. Sarac-Flihan lives and works in New York, has never had any personal or business dealings of any kind in Pennsylvania and has only travelled to it once in the last 13 years, for a portion of a relative's wedding. Exhibit 3, Sarac-Flihan Decl.

In short, it is indisputable that none of the instant Defendants have had any contacts with the Commonwealth of Pennsylvania sufficient to establish personal jurisdiction. Accordingly, they should be dismissed from this action.

C.  **Plaintiff's Claims Against Spriegel, Bonilla, and Sarac-Flihan Fail Because They Have Never Been Properly Served With Process**

Proper service of process is a prerequisite to the Court's personal jurisdiction over a defendant and must, therefore, be decided at the onset of a case. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991). "[T]he party asserting the validity of service bears the burden of proof on that issue," *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993), and may use "affidavits, depositions, and oral testimony" to prove effective service by a preponderance of the evidence. *State Farm Mut. Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg*, 543 F.Supp.2d 424, 428 (E.D. Pa. 2008).

Plaintiff cannot demonstrate she served Spriegel, Bonilla, or Sarac-Flihan in accordance with Federal Rule 4(e), which provides that domestic service on individuals must be made by:

> "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Fed. R. Civ. P. 4(e).

Plaintiff did not use any of these methods to serve any of these Defendants. Plaintiff was provided summonses for these Defendants for the first time on May 5, 2017 (ECF No. 10). In those summonses, each of the instant Defendants is listed to be served "c/o Legal Department, One M&T Plaza, Buffalo, NY 014203-2399." *Id.* Likewise, the Proof of Service which Plaintiff filed for each of these Defendants (ECF Nos. 13-1, 13-2, and 13-3) reflect that Plaintiff sent each

8

Defendant's summons to them at the aforementioned address.

Defendants attest that they have not been personally served and never authorized or M&T Bank, or designated anyone at M&T Bank, as their agents for service of process. Spriegel Decl., ¶¶ 5-7, Bonilla Decl. ¶¶ 5-7, Sarac-Flihan Decl. ¶¶ 5-7. Therefore, any service upon M&T Bank is patently insufficient to sue them personally. *See Walsh v. SmithKline Beckman*, No. 89-cv-5833, 1990 U.S. Dist. LEXIS 13039, 1990 WL 149208, at *1 (E.D. Pa. Oct. 2, 1990); *Lagana v. Kmart Corp.*, 1998 U.S. Dist. LEXIS 9640 *10 (E.D. Pa. June 19, 1998).

For these reasons, Plaintiff's claims against these Defendants should be dismissed.

## VI.   CONCLUSION

Spriegel, Bonilla and Sarac-Flihan have no contacts with the Commonwealth of Pennsylvania sufficient to establish personal jurisdiction and, for that reason alone, Plaintiff's claims against them should be dismissed. Moreover, even if these Defendants did have sufficient contacts with this Commonwealth, Plaintiff has completely failed to properly effectuate service of process upon them, which also mandates dismissal of her claims against them.

Finally, Plaintiff's Amended Complaint simply does not present a viable claim. Her RICO claim is time-barred and legally insufficient; her Bank Fraud Act claim is fatally flawed because there is no private claim under the Act; and her claim for "interference" is not a legally-cognizable claim. Accordingly, Defendants Spriegel, Bonilla and Sarac-Flihan respectfully request that Plaintiff's Amended Complaint, as it pertains to them, be dismissed in its entirety with prejudice.

DATED: June 16, 2017.

REED SMITH LLP

*/s/ John E. Joseph*
John E. Joseph (SBN 88818)
Michele L. Zerr (SBN 201655)
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

*Counsel for Defendants Spriegel, Bonilla and Sarac-Flihan*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendants Spriegel, Bonilla and Sarac-Flihan's Memorandum in Support of Motion to Dismiss* was filed and served on all parties via this Court's Electronic Filing System on June 16, 2017. A true and accurate copy of the foregoing was also served via ordinary mail upon the following:

> Debra Heverly Campbell
> 11844 Bandera Rd., Suite #200
> Helotes, TX 78023
>
> Paul M. Puskar, Esq.
> 310 Penn St.
> Hollidaysburg, PA 16648

> REED SMITH LLP
>
> By: */s/ John E. Joseph*
> *Counsel for Defendants Spriegel, Bonilla and Sarac-Flihan*