**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA (JOHNSTOWN)**

| | |
|---|---|
| DEBRA HEVERLY CAMPBELL, and POHAKU FUNDING AND INVESTMENT CORPORATION, in its capacity as Trustee for the 2895-201 KALAKAUA LAND TRUST and POHAIKEALOHA TRUST, DEBRA HEVERLY CAMPBELL AS PRESIDENT OF POHAKU FUNDING AND INVESTMENT CORPORATION, and DEBRA HEVERLY CAMPBELL AND JADE MAKANA HEVERLY-CAMPBELL AS BENEFICIARIES OF POHAIKEALOHA TRUST, | Civil Action No. 3:16-cv-118-KRG<br><br>The Honorable Kim R. Gibson<br><br>Electronically Filed |
| Plaintiffs, | |
| v. | |
| M&T BANK, COLONY SURF LTD., DAVID SPRIEGEL, GERALYN BONILLA, PERI SARAC-FLIMAN, WILLIAM E. DENISON, R. STEVENS GILLEY, TERRY MULLIN, MURIEL PAYNE, | |
| Defendants. | |

---

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(3), 12(b)(5)[3], and 12(b)(6)**

AND NOW come Defendants, Colony Surf, Ltd. ("Defendant Colony Surf"), William E. Denison ("Defendant Denison"), and R. Stevens Gilley ("Defendant Gilley"), collectively referred to as "Colony Surf Defendants", by and through their undersigned attorneys, Gordon & Rees LLP, and file the within Memorandum in Support of Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), (5) and (6), and in support thereof state as follows:

---

[3] As set forth in the Colony Surf Defendants' Motion to Dismiss filed contemporaneously with this Memorandum, Defendant Colony Surf is the only Colony Surf Defendant filing a Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for improper service of process.

I.     **FACTUAL BACKGROUND**[4]

On April 13, 2017, Plaintiffs Debra Heverly Campbell, and Pohaku Funding and Investment Corporation, in its capacity as trustee for the 2895-201 Kalakaua Land Trust and Pohaikealoha Trust, Debra Heverly Campbell as president of Pohaku Funding and Investment Corporation, and Debra Heverly Campbell and Jade Makana Heverly-Campbell as beneficiaries of Pohaikealoha Trust (hereinafter collectively referred to as "Plaintiffs") filed their First Amended Complaint in the United States District Court for the Western District of Pennsylvania. *See* ECF 8. Plaintiffs' First Amended Complaint sets forth RICO violations against the Colony Surf Defendants. Specifically, Plaintiffs allege that Manufacturer's & Traders Bank ("M&T"), its agents and officers, and Colony Surf Defendants (collectively, "Defendants"), operated as a criminal enterprise in order to divest Plaintiff Debra Heverly Campbell, through Pohaku Funding and Investment Corp., of her interest in Apartment #201 at Colony Surf Ltd ("the Property"). *Id.* at ¶¶ 5-7. Further, Plaintiffs claim Defendants operated as a continuing unit that functioned with a common purpose: the procurement of Plaintiff Debra Heverly Campbell's assets in order to enrich themselves or "the enterprise".[5] *Id.* Additionally, Plaintiffs allege "the enterprise" had relationships among those associated with it, in that each depended on the other in order to effectuate the scheme. *Id.* Lastly, Plaintiffs contend the actions of "the enterprise" caused them to incur hundreds of thousands of dollars in losses and permanent damage. *Id.* Plaintiffs aver that since Defendants executed their unlawful taking in violation of 18 U.S.C. § 1961, this action is properly brought pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO). *Id.* at ¶ 8.

---

[4] The Colony Surf Defendants take the allegations in the First Amended Complaint to outline the background of this case, as they must under Federal Rule of Civil Procedure 12. Nothing herein should be read as the Colony Surf Defendants' agreement with those allegations, many of which they will deny if necessary.

[5] Plaintiffs refer to "the enterprise" throughout their First Amended Complaint. *See* ECF 8. However, this term is never defined or explained. From what the Colony Surf Defendants can glean, Plaintiffs allege "the enterprise" is a criminal enterprise consisting of the named Defendants that acted to divest Plaintiff Debra Heverly Campbell of her interest in Apartment #201. *See* ECF 8, ¶ 5.

For the reasons set forth more fully below, Plaintiffs' claims must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), (5), and (6).

## II.    STANDARDS OF REVIEW

### A.    Federal Rule 12(b)(2)

In deciding a Rule 12(b)(2) motion to dismiss on the basis of lack of personal jurisdiction, the allegations set forth in the complaint are taken as true.  *See Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir.1996).  However, once a defendant raises a jurisdictional defense, plaintiff bears the burden of demonstrating, through affidavits or other competent evidence, that jurisdiction is proper.  *Id.*; *See also Bucks County Playhouse v. Bradshaw*, 577 F. Supp. 1203, 1206 (E.D. Pa. 1983).  To meet its burden, a plaintiff must establish with reasonable particularity that sufficient contacts to support jurisdiction exist between the defendant and the forum state.  *See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *Massachusetts School of Law v. American Bar Ass'n.*, 846 F. Supp. 374, 377 (E.D. Pa. 1994).  Plaintiff may not "rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.  Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, n. 9 (3d Cir.1984); *Peek v. Golden Nugget Hotel & Casino*, 806 F. Supp. 555, 558 (E.D. Pa.1992).

Here, as set forth more fully below, Plaintiffs are unable to establish that the Colony Surf Defendants have sufficient contacts in the Commonwealth of Pennsylvania such that jurisdiction is proper.  For this independent reason, Plaintiffs' claims against the Colony Surf Defendants must be dismissed.

### B.      Federal Rule 12(b)(3)

In deciding a Rule 12(b)(3) motion to dismiss on the basis of improper venue, the party challenging venue has the burden of proving that venue in the selected judicial district is improper.  *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982); *See also Manning v. Flannery*, 2010 U.S. Dist. LEXIS 1091 (E.D. Pa. 2010).  In deciding a motion to dismiss and/or transfer for improper venue under Rule 12(b)(3), the Court must generally accept as true the allegations in the pleadings.  *See Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (*citing Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *Myers*, 695 F.2d at 724).  In addition, "[t]he parties may submit affidavits in support of their positions, and may stipulate as to certain facts, but the plaintiff is entitled to rely on the allegations of the complaint absent evidentiary challenge."  *See Heft*, 355 F. Supp. 2d at 762 (*citing Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 & n. 1 (3d Cir. 1992)); *Myers*, 695 F.2d at 724.  In either event, the Court is required to view the facts in the light most favorable to the plaintiff.  *Id.*

### C.      Federal Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss an action for "insufficient service of process."  *See* Fed. R. Civ. P. 12(b)(5).  A defendant may "object to the plaintiff's failure to comply with the procedural requirements for proper service of the summons and complaint" as set forth in Rule 4.  *See Thompson v. Sears, Roebuck and Co.*, 2006 WL 573796, at * 2 (E.D. Pa. 2006).  "In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made."  *Id.*, (*citing Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001)).

### D.      Federal Rule 12(b)(6)

A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atlantic Corp. v. Twombly*,

550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." *Id.* at 555. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (*quoting Twombly*, 550 U.S. at 570). In making the plausibility determination, the Court must first separate the factual and legal elements of the claim and "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown 'that the pleader is entitled to relief.'" *See Iqbal*, 556 U.S. 662 (*quoting* Fed. R. Civ. P. 8(a)(2)).

This Court need not accept inferences drawn by the Plaintiffs if they are unsupported by the facts as set forth in the Complaint. *See Cal. Pub. Employee Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (*citing Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor is this Court compelled to credit bald assertions, unwarranted inferences, or legal conclusions. *See Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Although Federal Rule of Civil Procedure 8(a) provides that plaintiffs need only articulate a "short and plain" statement of their case, the Supreme Court recently clarified the requirements of notice pleading in *Twombly*, 550 U.S. 554. *Twombly* requires plaintiffs to plead facts that "raise a right to relief above the speculative level." *Id.* In other words, plaintiffs must allege facts rendering their claims plausible, not merely conceivable. *See Rickard v. Lion Brewery, Inc.*, 2007 U.S. Dist. LEXIS 83836 (M.D. Pa. 2007).

Finally, although the statute of limitations is an affirmative defense, the Third Circuit permits a defendant to raise the issue in a motion to dismiss. *Lewis v. Allegheny Ludlum*

*Cororation.*, Civ. No. 11-1619, 2013 U.S. Dist. LEXIS 109999 (W.D. Pa. 2013); *West Penn Allegheny Health System, Inc. v. UPMC*, 627 F.3d 85, 105 n. 13 (3d Cir. 2010).

Here, Plaintiffs' claims are barred by the applicable statute of limitations and are insufficiently pled.  Therefore, they must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## III.   LEGAL ARGUMENTS

### A.   Plaintiffs' Claims Against Defendant Colony Surf Should Be Dismissed For Improper Service Pursuant to Federal Rule of Civil Procedure 12(b)(5)

Pursuant to Federal Rule of Civil Procedure 12(b)(5), Plaintiffs' First Amended Complaint should be dismissed as to Defendant Colony Surf for insufficient service of process. Courts do not hesitate to dismiss actions for insufficient service of process.  *See Lin v. Pa. Mach. Works, Inc.*, 1997 WL 364481, at *l-2 (E.D. Pa. 1997) (dismissing complaint under Federal Rule of Civil Procedure 12(b)(5) for failure to effect proper service).  In the context of motions to dismiss for insufficient service of process, the serving party bears the burden to demonstrate that its method of service was proper.  *See Grand Entertainment Group Ltd. v. Star Media Sales Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).  Plaintiffs are unable to meet that burden such that their claims against Defendant Colony Surf should be dismissed.

Federal Rule of Civil Procedure 4 permits service to be made upon an individual or organizational party by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  *See* Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A).  Therefore, the issue to be determined is whether sending a copy of the summons and complaint by U.S. Certified mail is a proper method of service under Pennsylvania law (where the District Court is located) or Hawaii law (where service was allegedly made).

The Pennsylvania Rules of Civil Procedure permit service of process upon an individual or corporation "outside the Commonwealth . . . by mail in the manner provided by Rule 403."

10

*See* Pa. R. Civ. P. 404(2). Rule 403 provides that a copy "of the original process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." The Hawaii Rules of Civil Procedure do not allow for service of process by certified mail upon individual or corporate defendants. *See* Hawaii Rule of Civil Procedure 4(d); *see also Manderville v. Black*, 314 P.3d 849 (Haw. App. 2013). Thus, as service of process upon defendants by certified mail is permitted under Pennsylvania law, whether or not Plaintiffs properly complied with such service is the next area of inquiry.

Defendant Colony Surf is an entity that, pursuant to Fed. R. Civ. P. 4 and the Pennsylvania state rule it incorporates, Plaintiffs may serve by certified mail, return receipt requested. *See* Pa. R. Civ. P. 403, 404(2). Although there is a Summons filed in this matter directed to Defendant Colony Surf, the docket for the Western District of Pennsylvania indicates that Plaintiffs have failed to send a copy of this Summons and First Amended Complaint to Defendant Colony Surf by certified mail, return receipt requested. However, it appears as if Plaintiffs will contend they have effectuated proper service upon Defendant Colony Surf as they have purportedly sent a copy of the Summons and First Amended Complaint to Defendant Denison by certified mail, return receipt requested. *See* ECF 13, Exhibit 4. Service of the Summons and First Amended Complaint on Defendant Denison, however, does not equate to service of the Summons and First Amended Complaint upon Defendant Colony Surf. Accordingly, Plaintiffs have failed to properly serve Defendant Colony Surf with the Summons and First Amended Complaint pursuant to Fed. R. Civ. P. 4 such that service of process is insufficient. Therefore, the claims in Plaintiffs' First Amended Complaint against Defendant Colony Surf must be dismissed. *See Lin*, 1997 WL 364481, at *l-2.

**B.**      **Plaintiffs' RICO Violation Claim Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6) As It Is Barred By the Applicable Statute of Limitations and Insufficiently Pled**

Plaintiffs' First Amended Complaint alleges the Colony Surf Defendants colluded with M&T in a racketeering enterprise in order to procure Plaintiff Debra Heverly Campbell's interest in the Property. *See* ECF 8, ¶¶ 5-8. Plaintiffs contend that when Keystone Bank merged into M&T in 2000, Plaintiff Debra Heverly Campbell's sizable loan balance was "zeroed out" leaving her without any payment obligations. *Id.* at ¶¶ 28-29, 54. According to Plaintiffs, this was the first "predicate" act under RICO. *Id.* at ¶ 54. In 2001 Plaintiff Debra Heverly Campbell admittedly fell behind on the fees owed to Defendant Colony Surf Ltd. ("Defendant Colony Surf"). Unbelievably, she claims she did not know there could be repercussions so long as her payment was only three (3) months late. *Id.* at ¶¶ 55-56. Subsequently, Defendant Colony Surf issued a Notice of Default and pursued cancellation of Plaintiff Debra Heverly Campbell's sublease, which she argues is the second "predicate" act under RICO. *Id.* at ¶ 56. Further, Plaintiffs allege M&T and Defendant Colony Surf formed an enterprise and entered into an agreement in March 2003 whereby they agreed that after Plaintiff Debra Heverly Campbell's sublease was terminated the Property would be sold and the proceeds distributed between Defendant Colony Surf and M&T only. Plaintiffs claim these actions comprised the third and fourth predicate acts. *Id.* at ¶¶ 57-59, 60, Ex. 11. Plaintiffs further contend that M&T and Defendant Colony Surf proceeded to sell the Property under market value, causing injury to Plaintiffs. *Id.* at ¶ 60. Plaintiffs aver that the closing statement from the October 2014 sale reveals that Defendant Colony Surf received $39,882.50 from the sale, and M&T received $521,456.17, two more predicate acts. *Id.* at ¶¶ 62-63. Finally, Plaintiffs complain that in 2005, they obtained a payoff statement of the loan for the Property through a Freedom of Information

Act ("FOIA") request.  *Id.* at ¶ 64.  Plaintiffs contend the accounting of the loan—the pay-off was for $602,796.02—is evidence of another predicate act.  *Id.*

Plaintiffs' RICO claim fails as a matter of law pursuant to Rule 12(b)(6).  First, the factual allegations demonstrate that the claim is time-barred.  Second, even if Plaintiffs' claims are not considered time barred, they fail to sufficiently plead a RICO violation.  Therefore Plaintiffs' claims must be dismissed.

### 1. *Plaintiffs' Claims are Barred by the Applicable Statute of Limitations and Should be Dismissed as Untimely Filed*

In *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (1987) the Supreme Court of the United States stated  that "[t]he 4-year statute of limitations for civil enforcement actions under the Clayton Act (15 USCS § 15b) applies in civil enforcement actions under the Racketeer Influenced and Corrupt Organizations Act (RICO) . . .."  The RICO claim alleged in the First Amended Complaint is based on events that transpired in or before 2004, over **ten years** before Plaintiffs filed the instant action.  In Plaintiffs' First Amended Complaint, in a desperate attempt to save their woefully inadequate claims, they explain the delay in filing by pointing to receiving "the puzzle piece [Plaintiff Debra Heverly Campbell] was missing, a Seller's Closing Statement from M&T Trust Company, which was obtained by Richard A. Geist, a member of the Pennsylvania House of Representatives."  *See* ECF 8, ¶ 26.  This averment is without merit and does not toll the statute of limitations.

In *Fine v. Checcio*, the Supreme Court of Pennsylvania established that the test for determining the manner in which limitation periods are computed is when a plaintiff should have learned of her claims.  870 A.2d 850 (Pa. 2005).  The Court held that "[t]he discovery rule tolls the statute of limitations until such time as the tort and the existence of the tortfeasor should have reasonably been discovered."  *Id.*  The discovery rule described in *Fine* focuses not on "the plaintiff's actual knowledge, but rather on 'whether the knowledge was known, or through the

exercise of diligence, knowable to'" the plaintiff.  *See Bohus v. Beloff*, 950 F.2d 919, 925 (3d Cir. 1991) (*quoting O'Brien v. Eli Lilly & Co.*, 668 F.2d 704, 711 (3d Cir. 1981)).  A plaintiff is obligated to exercise reasonable diligence in ascertaining the existence of the injury and its cause.  *See Mest v. Cabot Corp*, 449 F.3d 502 (3d Cir. 2006).  Furthermore, "the plaintiff attempting to apply the discovery rule bears the burden of demonstrating that he exercised reasonable diligence in determining the existence and cause of his injury."  *Id*.

Here, Plaintiffs have set forth no reason why the Seller's Closing Statement—not to mention, why (for reasons unknown) it took Plaintiffs an inordinate amount of time to locate the document—should toll the statute of limitations applicable to their claims.  Indeed, even a cursory review of the First Amended Complaint and the exhibits attached thereto reveals that Plaintiff Debra Heverly Campbell had set forth nearly identical allegations to the Federal Reserve in her 2005 FOIA Request.  In its response to Plaintiff Debra Heverly Campbell's FOIA request, the Federal Reserve repeated Plaintiff's completely unjustified accusation: "M&T engaged in deceptive practices by conspiring with your cooperative's management to initiate foreclosure proceedings and to keep the equity gained on the sale of your apartment."  *See* ECF 8, Ex. 4.  Therefore, it is difficult to believe that the "missing puzzle piece", *i.e.*, the Seller's Closing Statement, provided Plaintiffs with the idea that Defendants were allegedly colluding.  In fact, by their own admission as set forth by the exhibits attached to the First Amended Complaint, Plaintiffs were aware in 2005 of the allegations set forth in their pleading.  Shockingly, Plaintiffs set forth no explanation as to why they waited ***ten years*** to file their claims against Defendants when they were aware of same in 2005.

Further, the purchase price of the Property is public information, and, accordingly, Plaintiffs did not need the Seller's Closing Statement to determine the Property's purchase price.  Indeed, even an internet search would have revealed the purchase price years before 2012.

Plaintiffs were also aware that M&T did not "zero out" the Property loan because they were aware of the loan balance in 2005. Additionally, because Plaintiffs were aware of the 2005 loan balance, they knew they could have no remaining equity in the Property following the sale of the Property, minus assessments and fees due to Defendant Colony Surf, realtor fees, and closing costs. Put simply, it was not necessary for Plaintiffs to possess the Seller's Closing Statement to see the exact delineation of sale proceeds between the parties; Plaintiffs already believed that Defendants were colluding to take the Plaintiff Debra Heverly Campbell's equity in the Property.

In sum, Plaintiffs did not need the Seller's Closing Statement to reach the conclusion that Defendants were allegedly engaging in wrongdoing. Accordingly, Plaintiffs cannot now claim that they became aware of potential claims in 2012 with the procurement of the Seller's Closing Statement. Plaintiffs have the burden to establish why more than thirteen years passed until they chose to pursue their RICO claims, a burden which they have utterly failed to satisfy. Because Plaintiffs have failed to set forth any reasons why their claims should not be barred by the applicable four-year statute of limitations, or by the discovery rule, this Court should dismiss Plaintiffs' RICO claims with prejudice.

## 2. *Plaintiffs Fail to Sufficiently Plead Their RICO Claims*

In the event this Court determines that Plaintiffs' claims are not barred by the statute of limitations, the claims must be dismissed as legally insufficient. To properly plead a RICO violation plaintiffs must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of a racketeering activity." *See Lum v. Bank of America*, 361 F. 3d 217 (3d Cir. 2004) (abrogated on other grounds). The level of specificity required of a plaintiff setting forth a RICO claim involving allegations of fraud is clear. *See Clugston v. McGinnis*, 2011 LEXIS 66135 at *32 (M.D. Pa. 2011). This makes sense, as allegations of fraud must be pled with specificity. *See*

Federal Rule of Civil Procedure 9(b); *See also Smith v. Jones, Gregg, Creehan & Gerace, LLP* 2008 WL 5129916 at *7 (W.D. Pa 2008).

In this case, Plaintiffs have set forth nothing more than bald accusations of conduct and "predicate acts" which they contend resulted in damages. *See* ECF 8. Specifically, Plaintiffs claim a predicate act was established when Defendants Colony Surf and M&T "joined forces as the enterprise" by executing an "Agreement . . . before the judgment in the suit [to remove Plaintiff Debra Heverly Campbell's interest in the Property], giving [Defendant Colony Surf] . . . $60,000 from the sale of the property after [she] was evicted . . . ." *See* ECF 8, ¶ 57. In other words, Plaintiffs base their accusations on a 2003 agreement between Defendants Colony Surf and M&T wherein the parties agreed to sell the Property and divide the proceeds. Interestingly, at the time the agreement was entered into, Defendants Colony Surf and M&T were litigation adversaries with competing interests, as both parties desired the Property and/or proceeds from Property. Simply put, no enterprise was established as a result of the 2003 agreement discussed in Plaintiffs' First Amended Complaint. The parties merely planned to sell the Property and distribute the sale proceeds. Plaintiffs' nonsensical claims are premised entirely on conjecture and therefore do not satisfy the high specificity pleading requirement mandated by Rule 9(b) and Third Circuit case law. *See Smith, LLP* 2008 WL 5129916 at *7.

In short, Plaintiffs' claims are completely unsupported by facts. Plaintiffs set forth no factual basis for their contention that Defendants' enterprise was established to commit wrongdoing by engaging in the conduct alleged in Plaintiffs' First Amended Complaint. On the contrary, Plaintiffs attempt to support their claims of RICO violations with bald accusations and conjecture. Such claims cannot be supported by speculation and must be clearly pled. *See* Rule 9(b); *Lum*, 361 F. 3d 217. As such, Plaintiffs have failed to plead their RICO violations with the

specificity this Court requires, and their claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### C. Plaintiffs' First Amended Complaint Should Be Dismissed For Lack of Personal Jurisdiction Over the Colony Surf Defendants

A federal district court must apply the laws of the state in which it sits in determining whether it may properly exercise personal jurisdiction over a non-resident defendant. *See Bucks County Playhouse*, 577 F. Supp. at 1206. Under Pennsylvania law, a state court may exercise personal jurisdiction pursuant to either the provision on general personal jurisdiction, 42 Pa. C.S.A. § 5301 (1994), or the provision on specific personal jurisdiction, 42 Pa. C.S.A. § 5322 (1994). *See Romann v. Geissenberger Manufacturing Corp.*, 865 F. Supp. 255, 259 (E.D. Pa. 1994). "These so-called 'long-arm statutes' apply only to the extent permitted by the Due Process clause of the Fourteenth Amendment. *Id.* (*citing Fields v. Ramada Inn, Inc.*, 816 F.Supp. 1033, 1035 (E.D. Pa. 1993); 42 Pa. C.S.A. §§ 5308, 5322(b). Thus, "the court's exercise of personal jurisdiction over . . . nonresident defendants is proper so long as there is no violation of due process." *Id.* (*citing Mellon Bank*, 960 F.2d at 1221).

### 1. Plaintiffs Cannot Establish General Jurisdiction Over the Colony Surf Defendants

General jurisdiction is implicated when the claim arises from the defendant's nonforum-related activities. *See Feldman v. Bally's Park Place, Inc.*, 2006 WL 1582331 at *2 (E.D. Pa. 2006) (*citing Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 n. 9 (1984)). In such a case, the plaintiff "must show significantly more than mere minimum contacts." *Id.* (*citing Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). To assert general jurisdiction, a plaintiff must demonstrate that the defendant's contacts with the forum state were "continuous and substantial." *Id.* "The threshold for establishing general jurisdiction is very high and requires a showing of 'extensive and pervasive' facts demonstrating

17

connections with the forum state." *Id.* (citing *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 2005 WL 994617, at *2 (E.D. Pa. 2005)); *See also Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir.1982). Considering well-established Third Circuit case law, Plaintiffs have failed to set forth sufficient facts to establish general jurisdiction over the Colony Surf Defendants. Indeed, this is because the facts necessary to establish general jurisdiction simply do not exist. For this independent reason, Plaintiffs' First Amended Complaint must be dismissed.

To illustrate, in *Feldman*, 2006 WL 1582331 at *3, the court found that it did not have general jurisdiction over the defendant corporation. In reaching its conclusion, the court considered the fact that the defendant corporation did not reside or operate in Pennsylvania, and did not own, manage, or lease any properties in Pennsylvania. *Id.* Further, even though the defendant corporation advertised continuously in Pennsylvania for four years and solicited business from Pennsylvania residents, the court still found that general jurisdiction did not exist. *Id.*

In the instant case, Plaintiffs set forth no allegations in their First Amended Complaint that demonstrate the Colony Surf Defendants solicited any business in Pennsylvania or directed any sales activities to Pennsylvania customers. *See* ECF 8. Specifically, Plaintiffs claim Defendants Denison, Colony Surf, and Gilley are citizens of Hawaii. *See* ECF 8, ¶¶ 10, 11, 16. Similar to the defendant in *Feldman*, the Colony Surf Defendants do not reside in Pennsylvania, and do not own, manage, or lease any properties in Pennsylvania. Additionally, Plaintiffs set forth absolutely no allegations claiming that the Colony Surf Defendants have any contacts with the Commonwealth of Pennsylvania let alone the "continuous and substantial" contacts required to establish general personal jurisdiction. *See Feldman*, 2006 WL 1582331 at *2. Due to the complete lack of allegations in Plaintiffs' First Amended Complaint averring that the Colony

Surf Defendants have continuous and substantial contacts with Pennsylvania, this Court does not have general jurisdiction over Colony Surf Defendants such that claims against these Defendants must be dismissed.

**2.      *Plaintiffs Cannot Establish Specific Jurisdiction Over the Colony Surf Defendants***

Not only are Plaintiffs unable to establish general personal jurisdiction over the Colony Surf Defendants, but they cannot establish specific jurisdiction over Colony Surf Defendants either.  As stated above, once the defendant raises a jurisdictional defense, plaintiff bears the burden of demonstrating, through affidavits or other competent evidence, that jurisdiction is proper.  *See Dayhoff*, 86 F.3d at 1302.  To meet its burden, Plaintiffs must establish "with reasonable particularity" that sufficient contacts to support jurisdiction exist between the Colony Surf Defendants and Pennsylvania.  Plaintiffs may not rely on bare pleadings alone, and must respond with actual proofs, not mere allegations.  *See Time Share Vacation Club*, at 66 n.9; *Peek*, 806 F. Supp. at 558.

Specific personal jurisdiction arises from a defendant's activities in the forum state that relate to the particular cause of action being litigated.  *See Romann v. Geissenberger Manufacturing Corp.*, 865 F. Supp. 255, 262 (E.D. Pa. 1994) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).  A court can properly exercise specific jurisdiction when the defendant has purposefully established "minimum contacts" with the forum state such that he would reasonably anticipate being haled into court there.  *Id.*  "The Pennsylvania long-arm statute, 42 Pa. C.S.A. § 5322(a) (1994), provides for specific personal jurisdiction only over those out-of-state actors who have engaged in designated activities from which the cause of action arises.  *Id.*  Similar to general jurisdiction, specific jurisdiction in Pennsylvania is subject to due process requirements."  *Id.* at 263.  "[S]pecific jurisdiction is established when a non-resident defendant has purposefully directed his activities at a resident of the forum and the

injury arises from or is related to those activities." *See Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) *citing Burger King*, 471 U.S. at 472.

Here, Plaintiffs have utterly failed to establish with any reasonable particularity that sufficient contacts exist between the Commonwealth of Pennsylvania and the Colony Surf Defendants.  The Colony Surf Defendants are citizens of Hawaii who have not purposefully established "minimum contacts" with Pennsylvania such that they would reasonably anticipate being haled into court there. *See* ECF 8, ¶¶ 10, 11, 16.  Additionally, Plaintiffs' First Amended Complaint only mentions Pennsylvania twice.  First, Plaintiffs state that Richard A. Geist, a member of the Pennsylvania House of Representatives, obtained a Seller's Closing Statement from M&T Trust Company. *See* ECF, ¶ 26.  Second, Plaintiffs state that Plaintiff Debra Heverly Campbell's banker, Bill Rossman, lives in Altoona, Pennsylvania. *See* ECF 8, ¶ 38.  The two references to Pennsylvania in Plaintiffs' First Amended Complaint completely fail to establish "with reasonable particularity" that the Colony Surf Defendants had sufficient contacts in Pennsylvania such that they should anticipate being haled into Court in this Commonwealth.  As such, this Court does not have specific jurisdiction over the Colony Surf Defendants.

###   D.    Plaintiffs' First Amended Complaint Should be Dismissed for Improper Venue

In their First Amended Complaint, Plaintiffs allege "[v]enue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(3) and RICO's venue provision, 18 U.S.C. § 1965(a) and (b)." *See* ECF 8 ¶ 19.  The federal statute governing venue is 28 U.S.C. § 1391.  § 1391(b)(1) provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." *See* 28 U.S.C. § 1391(a).  § 1391(b)(2) states that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *See* 28 U.S.C. § 1391.  § 1391(b)(3) states, "if there

is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Plaintiffs' First Amended Complaint has failed to assert that any of the Defendants in this action are subject to personal jurisdiction in the Western District of Pennsylvania.  Plaintiff currently resides in Texas and all of the Defendants in this action are either citizens of Hawaii or New York.  *See* ECF 8, ¶¶ 9-18.  Furthermore, as mentioned *supra*, the First Amended Complaint mentions the Commonwealth of Pennsylvania only twice.  *See* ECF 8.  However, there is no connection whatsoever made between any of the Defendants and the Commonwealth of Pennsylvania.  Therefore, venue is improper in this Court pursuant to 28 U.S.C. § 1391.

Further, RICO has its own venue provisions which supplement those found in 28 U.S.C. § 1391.  18 U.S.C.S. § 1965(a) permits a RICO claim to be brought in any district court wherein the defendant resides, is found, or transacts his affairs.  18 U.S.C.S. §  1965(b) provides for venue in any district court where it is shown that the ends of justice require that other parties residing in any other district be brought before the court.  18 U.S.C.S. §  1965(b) was intended to enable a plaintiff to bring before a single court for trial all members of a nationwide RICO conspiracy.  *See Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538-39 (9th Cir. 1986).  "A prerequisite to causing a party to be summoned before the court under the 'ends of justice' provision of section 1965(b) is the presence of at least one other defendant who is properly before the court."  *See Anchor Glass Container Corp. v. Stand Energy Corp.*, 711 F. Supp. 325, 331 (S.D. Miss. 1989) (*citing Rolls-Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F. Supp. 1040, 1058 n. 13 (S.D.N.Y. 1987); *Farmers Bank of the State of Delaware v. Bell Mortgage Corp.*, 577 F. Supp. 34, 35 (D.Del. 1978)).  However, as stated previously, Plaintiffs' First Amended Complaint mentions the

Commonwealth of Pennsylvania twice, and does not connect the actions of any Defendants, let alone the Colony Surf Defendants, to any of their alleged actions in the Commonwealth.  The Colony Surf Defendants do not reside, are not found, and do not transact their affairs in the Commonwealth of Pennsylvania.  Accordingly, venue is improper in this Court pursuant to 18 U.S.C.S. § 1965(a) and (b), and Plaintiffs' claims must be dismissed.

## VI.    CONCLUSION

For the reasons set forth above, the Colony Surf Defendants respectfully request this Honorable Court dismiss Plaintiffs' First Amended Complaint with prejudice.

Respectfully submitted,

**GORDON & REES LLP**

By:    */s/ S. Manoj Jegasothy*
      S. Manoj Jegasothy, Esq., Id. #80084
      mjegasothy@gordonrees.com
      707 Grant Street, Suite 3800
      Pittsburgh, PA  15219
      Tel.: (412) 577-7400
      Fax: (412) 347-5461
      *Counsel for the Colony Surf*
      *Defendants*

Dated: June 20, 2017

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of June 2017, a true and correct copy of the foregoing **Memorandum in Support of Motion to Dismiss Plaintiffs' First Amended Complaint** was served via electronic means on all counsel and parties of record:

John E. Joseph (No. 88818)
Michele L. Zerr (No. 201655)
REED SMITH LLP
Global Customer Centre
20 Stanwix Street, Suite 1200
Pittsburgh, PA 15222
(*Counsel for Defendant M&T Bank*)

Debra Heverly Campbell
11844 Bandera Rd., Suite #200
Helotes, TX 78023
(*Plaintiff*)

/s/ S. Manoj Jegasothy
S. Manoj Jegasothy, Esq., Id. #80084
mjegasothy@gordonrees.com
707 Grant Street, Suite 3800
Pittsburgh, PA  15219
Tel.: (412) 577-7400
Fax: (412) 347-5461
*Counsel for the Colony Surf Defendants*